SMITHERS and others v. THE STATE, to use of Morris.

The sheriff of Gasconade county levied upon and sold certain property, as the property of M., afterwards the judgment was reversed, and restitution of the proceeds of the sale awarded against the sheriff, who had not paid over the money.   This suit was instituted by the State, to the use of M. on the sheriff's bond, to recover the money.   Defendants, the securities of the sheriff, pleaded, that the property levied upon was not the property of M.; to this plea there was a demurrer, which was sustained; defendants also pleaded, that M., before the rendition of the judgment, for the purpose of defrauding his creditors, had conveyed the property to one J.   Verdict and judgment for M.   Held: that as the judgment against M. was reversed, the enquiry into the fraud became immaterial.

Appeal from the Circuit Court of Gasconade county.

FRISSELL for Appellants.

SHEELY for Appellee.

*Opinion of the Court, delivered by Napton, Judge.*

This was an action of debt, on a sheriff's bond, brought by the State, to the use of William Morris, against Joel Smithers and others, in the Gasconade circuit court. The defendants plead the general issue, and a special plea, alleging that the property levied on, and sold as the property of said Morris, (as alleged in the declaration) was not the property of said Morris, at the time it was alleged in the declaration to have been levied on and sold. To this last plea, there was a demurrer, which was sustained by the court. The defendants there filed another plea, setting forth, that the defendants were securities for the sheriff, Smithers, and that before the rendition of the judgment against said Morris, the said Morris, for the purpose of defrauding his creditors, had conveyed the property to one John W. Johnson; upon these, pleas, issues were taken, and verdict and judgment for plaintiff.

To establish a second plea, defendants read a record of a suit brought in the circuit court of Montgomery county, by Rebecca Dyer, against Morris, by which it appeared, that judgment was obtained against Morris for $1,433; upon the judgment execution issued; and the return upon the execution was as follows:—"Executed by levying on, and selling the S. E. qr. of sec. No. 2, T. 45, R. 7, for the sum of three hundred and fifty dollars. And, also, by levying upon, and selling personal property to the amount of $339 69¾, and the body of the said William, not found in my county.

JOEL SMITHERS, *Sheriff.*
By Samuel Harrison, Deputy Sheriff."

This judgment was afterwards reversed in the supreme court, as appeared by record introduced on the trial.

It also appeared, that an order had been made by the said

court of Montgomery county, directing Joel Smithers to re-fund the money so collected: that Smithers was duly noti-fied to show cause, why said money should not be paid; and that judgment, by default, went against Smithers.

Deeds from Morris to Johnson were also read in evidence, conveying the property to said Johnson, and executed by Morris before the levy. and the record of an action of trespass, brought by Johnson, against the sheriff for the property levied on, on which the defendant had a verdict and judgment.

There seems to be only two points relied on here to reverse this judgment: First, because the declaration is defective, and second, because the verdict is unsupported by the evidence.

The last objection I do not think it necessary, minutely to examine, because I am not satisfied that the securities of the sheriff, should have been permitted to set up property in Johnson against the *return* of the sheriff. But whether this defence was properly admitted or not, it is clear, that by the record which defendants themselves offered, it appeared, that Rebecca Dyer was not a creditor of Morris, inasmuch as her judgment had been reversed by the supreme court. The inquiry into the fraud, was, therefore, immaterial, and the verdict of the jury was right.

The declaration may have been defective, in not averring a special request to Smithers, to pay this money to Morris, accompanied with a notice of the order of the Montgomery circuit court; but that defect has been cured by verdict. No motion was made in arrest of judgment; the judgment must, therefore, be affirmed.